**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

Luda Cannon
Mark Fultz

       Plaintiff,

vs.

PG-PLANTATION CS ONE, LLC

       Defendant.

Case No.

**COMPLAINT**

Plaintiff Cannon residing at 524 West Main St. Maple Shade, New Jersey and Plaintiff Mark Fultz residing at 231 76th Ave, apt 106, Margate, FL, 33063 against Defendant PG-PLANTATION CS ONE, LLC a Florida corporation for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. sec. 12181 et seq. (ADA) and for Injunctive Relief, damages attorney fees litigation expenses and costs pursuant to the Americans with Disabilities Act.

**THE ADA'S FUNDAMENTAL EFFECT ON
ACCESS TO PUBLIC ACCOMMODATIONS**.

The ADA mandates fundamental changes in the historical treatment of persons with disabilities and specifically requires that public accommodations include a failure to remove architectural barriers that are structural in nature in existing facilities. . . where such removal is readily achievable, 42 U.S.C. § 12182(b)(c).Congress enacted the law because of its deep concern with the "alarming degree of non-participation in public life by persons with disabilities.  It found a "sobering picture of an isolated and secluded population" in which the "large majority" of persons with disabilities do not go to public accommodations.  H.R. Rep. No. 101-485(II), 34 (1990),

reprinted in 1990 U.S.C.C.A.N. 303, 316.  Predominate among the causes of this social isolation were "architectural barriers" to access. Id. at 385.

> Nanni v. Aberdeen Marketplace. 878F.3d. 447,457 (4th Cir. 2017)  the court  explained the purpose of active enforcement of the ADA.  Moreover, under our system, all citizens are obliged to obey the law to aid law enforcement efforts. In various situations, citizens are required by law to report violators to the proper authorities. See, e.g.,  18 U.S.C. sec. 4 (requiring citizens to report felony offenses to judges and other authorities.) As Supreme Court acknowledged several years ago, the "enforcement [of civil rights laws] would prove difficult" and our country will be obliged "to rely in part upon private litigation as a means of securing broad compliance." See Newman v.  Park Entrers., 390 U.S. 400, 401, (1968). That very principle is also embodied in the ADA. See Dudley, 333 F. 3d at 306-07 (discussing importance of private litigation in achieving broad compliance with ADA.

## FIRST COUNT

1. Plaintiff Cannon, is an individual with a disability whom is residing at 524 West Main Street. Maple Shade Burlington County, New Jersey. For the last year she has resided in Florida and is a frequent patron of Defendants' services and the Defendants' office building.

2. Plaintiff Mark Fultz is an individual with a disability residing at 231 76th Ave, apt 106, Margate FL, 33063 and is a frequent patron of Defendants' services and the Defendants' office building.

3. Defendant's business is public accommodation office building, located at 1200 S. Pine Island Road Plantation, Broward County, Florida. 33324.

4. Venue is properly located in this district the property which is the subject of this case of is in Broward County, Florida. The Defendants' property is located in Broward County and does business within this judicial district.

5. On June 25, 2020 and October 5, 2021 Plaintiff Cannon was a patron of Defendants

service. Her ability to use the Defendants' services has been impaired because of the lack of access to the disabled.

6. On July 22, 2020 and February 20, 2021 Plaintiff Fultz was a patron of Defendants' services. His ability to use the Defendants' services was impaired because of the lack of access to the disabled.

7. Pursuant to 28 U.S.C. sec 1331 and 28 U.S.C. sec 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. sec 12181 et seq.

8. Plaintiff Cannon qualifies as an individual with disabilities as defined by the ADA. She has orthopedic and neurological disabilities. She also has a heart disability and is a kidney transplant survivor Plaintiff Fultz Plaintiff qualifies as an individual with disabilities as defined by the ADA ambulates by means of a walker and manual wheelchair and is unable to walk without assistance. He has reduced ability to push and pull.

9. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases is located at 1200 South Pine Road, Plantation, Florida.

10. Cannon and Fultz have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations of this complaint.  Plaintiffs have reasonable grounds to believe that the will continue to be subjected to discrimination in violation of the ADA by the Defendant. Cannon and Fultz desire to visit the subject public accommodation not only to avail himself of the goods and services available at the property but to assure themselves that this property

is in compliance with the ADA so that they and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

11. The Defendant has discriminated against the individual Plaintiffs by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings and services as prohibited by 42 U.S.C. sec' 12182 et seq.

12. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Defendants property has shown that violations exist. These violations that personally encountered, and which were verified by an ADA expert, indicated but are not limited to:

   Below mentioned are the following barriers:

I. Exterior:

Exterior routes into the office building and from the commons and parking.

   a. There is no proper accessible route within the site from parking spaces and accessible parking public streets and sidewalks; public transportation. ADAAG 206.2.1.
   b. The public accommodation ADAAG 206, 206.2 specially, the route provided to the entrances has physical barriers. containing of too steep slopes and cross slopes without a level landing in violation ADAAG 206, 206.2, 401, 402,403, 404, 405, 406, et al. These barriers impair her use of the defendant' services.

II. Bathrooms.

   a. These barriers impair her use of the bathroom. Specially, the bathrooms are not accessible because of lack proper door pressure and door closing speed and an improper stall.

III. Parking.

There is no proper accessible parking in that the space provided for the disabled is on a slope that

exceeds 2%. ADAAG 502.4.

Maintenance.

   a. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of §28 CFR §36.211.

IV. All of the foregoing violations are violations of the 2010 Standards for Accessible Design, as well as the 1991 Standards, as promulgated by the U.S. Department of Justice.

V. The foregoing discriminatory violations described in are not an exclusive list of the Defendants' ADA violations. Plaintiffs requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiffs and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendants ADA violations, as set forth above. The individual Plaintiffs, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

VI. Defendant has discriminated against the individual Plaintiffs by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. sec 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the

Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

VII. Plaintiffs are without an adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. sec 12205 and 28 CFR 36.505.

VIII. Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

IX. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the

Defendant.

X. Pursuant to 42 U.S.C. ' 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter the subject public accommodation to make those facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.  The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

XI. The Plaintiffs will return and enjoy the services of the Defendant. They also intend to be a tester as well as a patron to ensure compliance with the ADA and will return on many occasions including the Thanksgiving weekend. <u>Houston v. Marod Supermarkets, 733. F. 3d 1323 (11th cir. 2013)</u>.

XII. The plaintiff assets the right to seek relief under administrative remedies  the law of Florida including damages under the Florida Constitution Art I section 2 and the Florida civil Rights Act of 1992 760.01 - 760.11.

XII. Prior to filing this suit the undersigned investigated whether the site has been filed. It has not been sued.

WHEREFORE,  Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant

to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney fees, costs and litigation expenses pursuant to 42 U.S.C. sec 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted,

Dated:  April 5, 2021,                                  S/ Anthony J. Brady Jr.
                                                        Anthony J. Brady, Jr., Esq.

                                                        604 Banyan Trail,
                                                        811362
                                                        Boca Raton, FL 33431
                                                        (561) 603-6387
                                                        Ladbrady@gmail.com.

                                                        Florida bar number 100366.

                                                        *Attorney for Plaintiff*